IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARRY GREEN, Personal Representative
for the Wrongful Death Estate of Edna Cox,

    Plaintiff,

v.                                                                                  1:25-cv-00304-JMR-LF

SOUTH CENTRAL COLFAX COUNTY
SPECIAL HOSPITAL DISTRICT d/b/a
COLFAX GENERAL LTC a/k/a COLFAX
GENERAL LONG TERM CARE,

    Defendant.

## ORDER GRANTING IN PART MOTION TO DISMISS AND REMANDING

THIS MATTER comes before the Court on Defendant South Central Colfax County Special Hospital District d/b/a Colfax General LTC a/k/a Colfax General Long Term Care's Motion to Dismiss Plaintiff's Complaint. Doc. 14. Plaintiff filed a response. Doc. 18. Defendant filed a reply. Doc. 19. The parties consented to me entering a final judgment in this matter, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b). Docs. 5, 6. Having reviewed the parties' submissions and the relevant law, the Court finds Defendant's Motion to Dismiss is well taken in part, and therefore, it will be GRANTED IN PART.

This case was removed from state court based on federal question jurisdiction. Doc. 1 at ¶¶ 4, 5; *see also* 28 U.S.C. § 1331. Plaintiff's complaint asserts five claims: a New Mexico Wrongful Death Act claim (Count I), a common law negligence claim (Count II), two claims under 42 U.S.C. § 1983 (Counts III and IV), and a standalone claim for punitive damages (Count V). Doc. 1-2 at ¶¶ 40–74. The Court will grant Defendant's Motion to Dismiss for the two claims under 42 U.S.C. § 1983 (Counts III and IV). However, the Court declines to exercise

supplemental jurisdiction over the state law claims in this case (Counts I, II, and V) and instead remands these claims to the First Judicial District Court, Santa Fe County, State of New Mexico. If appropriate, Defendant must re-raise its state law arguments before the state court within thirty (30) days of service of this order.

I.     **Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation omitted).

"There is a low bar for surviving a motion to dismiss, and a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1276 (10th Cir. 2023) (quotation modified and citations omitted). Nonetheless, "the mere metaphysical

possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The Court must assume "the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Id.*

Finally, while "a court must accept as true all of the allegation contained in a complaint," this principle "is inapplicable to legal conclusions." *Iqbal* at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (*quoting Papasan v. Allain*, 478 U.S. 265 286 (1986)).

## II.   Facts

This case stems from the June 14, 2023, death of Edna Cox. Doc. 1-2 at ¶ 38. Ms. Cox resided at Colfax General Long Term Care for the four months preceding her death. *Id.* ¶ 11. Defendant is the South Central Colfax County Special Hospital District.[1] In New Mexico, a

---

[1] Plaintiff's complaint and response lead to some ambiguity as to who is the true defendant in this action. Throughout the complaint, Plaintiff refers to the "Defendants" plural. *See generally* Doc. 1-2. However, the complaint only lists one defendant. *See* Doc. 1-2 ¶ 3 (Under "Parties"). In the response to the motion to dismiss, Plaintiff refers to a singular defendant—the "Defendant South Central Colfax County Special Hospital District . . . ('Colfax General LTC')." Doc. 18 at 1. Defendant also refers to itself as "Defendant South Central Colfax County Special Hospital District ('Colfax General LTC')." Doc. 14 at 1. Although both parties refer to the South Central Colfax County Special Hospital District and the Colfax General Long Term Care facility interchangeably, they are ostensibly separate legal entities. *See Murphy v. Lash*, 2024-NMCA-031, ¶ 8, 545 P.3d 1169, 1172 (distinguishing between the Artesia Special Hospital District and the Artesia General Hospital).

To resolve the ambiguity, the Court looks to the body of Plaintiff's complaint. *See* FED. R. CIV. P. 10(a) (requiring Plaintiff to "name all the parties" in the complaint). The body of the complaint lists the sole defendant as "South Central Colfax County Special Hospital District,

special hospital district is a government entity created "for the purpose of constructing, acquiring, operating and maintaining one or more public hospital facilities for the benefit of the inhabitants of the district." N.M. Stat. Ann. § 4-48A-3(A). Colfax General Long Term Care is a skilled nursing facility within the South Central Colfax County Special Hospital District. Doc. 1-2 at ¶¶ 1, 3, and 12.

Plaintiff alleges that Ms. Cox passed away "as a direct result of complications of medical conditions, injuries, blunt trauma, and/or harm she suffered while she was a resident of Colfax General LTC." Doc. 1-2 at ¶ 38. Beyond this conclusory allegation, however, it is difficult for the Court to ascertain the factual bases of Plaintiff's complaint.[2] After closely reviewing the pleading's twenty-three pages, the Court has identified four specific events that seemingly serve as the factual bases of Plaintiff's lawsuit:

1. On March 21, 2023, a Colfax General Long Term Care staff member "yelled at Edna Cox while she was in the bathroom in a 'loud and rude' manner." Doc. 1-2 at ¶ 24. Plaintiff does not explain what was said or provide any other details. Nonetheless,

---

doing business as Colfax General LTC, also known as Colfax General Long Term Care." Doc. 1-2 at ¶ 3. "[A] 'doing business as' designation is not a separate legal entity capable of being sued." *Santa Fe Goldworks, Inc. v. Bella Jewelry, LLC*, No. 23-602 KK/JMR, 2024 WL 3161893, at *3 n.8 (D.N.M. June 25, 2024) (string citation omitted). Neither is a pseudonym. Accordingly, the South Central Colfax County Special Hospital District is the sole defendant in this action.

[2] Plaintiff makes many accusations in the complaint related to a multitude of apparent omissions of Defendant, but the accusations are not tied to any facts. *See Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). The statements in the complaint are neither "short" nor "plain," as required by Rule 8. *See* FED. R. CIV. P. 8(a)(2). Plaintiff's allegations are so general that any reader would be hard pressed to say who is accused of doing what to Ms. Cox when. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("[I]t is particularly important in [certain] circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*.").

    Plaintiff describes this encounter as a "substantiated" incident of "verbal abuse" and alleges that the subject staff member who yelled at Ms. Cox "had three (3) complaints of verbal abuse to residents of Colfax General LTC." *Id.*

2. On April 22, 2023, Ms. Cox "sustained [a]n unwitnessed fall onto the floor in her room at Colfax General LTC." *Id.* ¶ 25. After this fall, she was taken to the hospital where she was treated for "a scalp laceration and shoulder pain." *Id.*

3. On June 6, 2023, Ms. Cox "sustained severe injuries during a witnessed lift incident" while a Colfax General Long Term Care staff member "was assisting Edna Cox with a transfer using the sit-to stand lift, mechanical lift, and/or patient transfer lift, sling, and/or device." *Id.* ¶ 31. After this incident, staff documented that they "were made aware by a Certified Nursing Assistant (CNA)" that Ms. Cox "was having right elbow pain and . . . evident swelling, with 1x1 skin tear and hematoma." *Id.* ¶ 32.

4. Finally, on an unspecified date, Ms. Cox was "found with an injury of an unknown cause during morning cares and was sent to the hospital for evaluation." *Id.* ¶ 35. After an "investigation," it was determined "that Edna Cox's arm was fractured while being transported with a mechanical lift by Defendants."[3] *Id.* Plaintiff alleges that the Director of Nursing at Colfax General Long Term Care "admitted that the lift incident . . . was a substantiated complaint of abuse, neglect and/or exploitation." *Id.* However, Plaintiff himself does not explain whether this lift incident actually involved abuse, neglect, or exploitation.

---

[3] It is unclear from Plaintiff's complaint if this injury is from the June 6, 2023, lift incident or from a second lift incident. Reading Plaintiff's complaint in the most deferential light, the Court presumes this is a second lift incident.

Plaintiff also lists a number of other injuries that Ms. Cox suffered while in Defendant's care but does not connect any of the injuries to any specific time, place, or manner indicating when, where, or how Ms. Cox was apparently injured. *Id.* at 12–14.

### III.   Discussion

Defendant asserts that Plaintiff fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 and therefore moves to dismiss Counts III and IV of Plaintiff's complaint. Doc. 14. Plaintiff argues that he states a § 1983 claim based on a violation of Ms. Cox's "right to be free from physical or mental abuse," as secured by the Federal Nursing Home Reform Act, 42 U.S.C. § 1396r(c)(1)(A)(ii). Doc. 18. The Court finds that Plaintiff fails to state a claim upon which relief can be granted under § 1983. *See infra* § III(A). Without the § 1983 claim, the Court declines to exercise supplemental jurisdiction over the remaining state law claims, *see infra* § III(B), and remands this case back to the state court for further adjudication. *Id.*

### A.   Plaintiff fails to state a § 1983 claim.

Defendant argues that Plaintiff's § 1983 claim must be dismissed because Defendant "cannot be held vicariously liable under 42 U.S.C. § 1983." Doc. 14 at 8. Plaintiff does not respond to this argument. *See generally* Doc. 18. The Court agrees with Defendant that it cannot be held vicariously liable under § 1983. Thus, Plaintiff's § 1983 claims—Counts III and IV—must be dismissed.

> 42 U.S.C. § 1983 provides,
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . .

In other words, section 1983 provides a remedy when a "person" acting under color of state law deprives another of a federally protected right. *Cf. Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). "The statute is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." *Margheim v. Buljko*, 855 F.3d 1077, 1084 (10th Cir. 2017) (quotation omitted).

Case law provides extensive guidance regarding who or what is a "person" that may be sued under § 1983. *See, e.g.*, *Lippoldt v. Cole*, 468 F.3d 1204, 1211–16 (10th Cir. 2006). For instance, "a State is not a 'person' within the meaning of § 1983," *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989), but a corporation is, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 687–88 (1978). "[M]unicipalities and other local government units" are "among those persons to whom § 1983 applies." *Monell*, 436 U.S. at 690. "Local governing bodies, therefore, can be sued directly under § 1983." *Id.* (footnote omitted).

Nevertheless, Section 1983 only provides a remedy for direct liability. The Supreme Court has "consistently refused to hold municipalities liable under a theory of *respondeat superior*." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997). "[A] plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Id.* (citing *Monell*, 436 U.S. at 694). The Supreme Court reasons:

> Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. *Monell, supra,* at 694, 98 S.Ct., at 2027. Similarly, an act performed pursuant to a "custom" that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.

*Id.* at 403–04. The same standards apply to "other bodies of local government." *City of St Louis v. Praprotnik*, 485 U.S. 112, 121 (1988).

Here, Plaintiff fails to state a § 1983 claim against Defendant upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). Defendant cannot be held vicariously liable under § 1983. And Plaintiff has also failed to allege any facts that support a *Monell* claim against the Defendant.

### 1. The Court presumes that Defendant is a governmental unit.

As a threshold matter, both parties appear to take for granted that the South Central Colfax County Special Hospital District is a "person" that may be sued under § 1983. Defendant refers to itself as a "governmental unit" that can be held directly liable under § 1983. Doc. 14 at 10. Plaintiff does not refute that assertion and generally relies on the same in crafting his response argument. *See generally* Doc. 18. As such, the Court also presumes, without deciding, that the South Central Colfax County Special Hospital District is a "government unit" that "can be sued directly under § 1983" based on its customs or policies. *See Monell*, 436 U.S. at 690.

### 2. Defendant cannot be held vicariously liable.

As a "governmental unit," Defendant may only be held directly liable. A governmental unit cannot be held "liable under a theory of *respondeat superior*." *C.f. Brown*, 520 U.S. at 403. Defendant correctly points out that "Plaintiff does not allege any claims against individual defendants," only against the South Central Colfax County Special Hospital District. Doc. 14 at 10. Looking at the alleged facts in the complaint in the light most favorable to Plaintiff, the complaint plainly attempts to hold Defendant vicariously liable for the actions of its agents. In fact, Plaintiff explicitly alleges that Defendant is "vicariously liable for the negligent acts of its employees, representatives, consultants, agents, ostensible agents, and/or servants." Doc. 1-2 at ¶

3. Plaintiff also states that the "South Central Colfax County Special Hospital District is directly liable for its own negligent acts, *as well as the negligent acts of its officers and/or directs acting on South Central Colfax County Special Hospital District's Behalf.*" *Id.* (emphasis added). Because Defendant may only be held directly liable under Section 1983, Plaintiff's vicarious liability claims fail as a matter of law. *See Smith*, 561 F.3d at 1098.

As a practical matter, Plaintiff has also waived any objection to Defendant's argument that Plaintiff impermissibly attempted to hold Defendant vicariously liable in the complaint. Plaintiff failed to respond to this argument in the response briefing. As other judges in this Court have explained:

> The Court's Local Rules provide that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ 7.1(b). Implicit in that rule is that the failure to respond to an argument raised in a motion constitutes consent to grant the motion to the extent associated with that particular argument. Furthermore, under Tenth Circuit law, failing to respond constitutes waiver. *See, e.g.*, *Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. Feb. 6, 2003) (unpublished) (argument waived when not raised in initial response to motion to dismiss); *Hinsdale v. City of Liberal, Kan.*, 19 F. App'x 749, 768 (10th Cir. Aug. 28, 2001) (unpublished) (plaintiff abandoned claim when failed to respond to arguments made in support of summary judgment).

*Lewis v. XL Catlin*, 542 F. Supp. 3d 1159, 1168 n.6 (D.N.M. 2021). As such, Plaintiff has also waived the right to respond to Defendant's argument that it cannot be held vicariously liable under § 1983.

### 3. Plaintiff has failed to allege facts to support Defendant's direct liability under 42 U.S.C. § 1983.

The only way Defendant could be held directly liable under § 1983 is a *Monell* claim. *See Monell*, 436 U.S. at 694. *But see* § III(A)(1). While Plaintiff alleges that Defendant "is directly liable for its own negligent acts," Doc. 1-2 at ¶ 3, he fails to state a proper *Monell* claim against

9

Defendant. The most prominent mention of a custom or policy in the complaint is under Count III's sub-heading "Survival."[4] There, Plaintiff alleges that Defendant failed

> as a custom and/or policy, to ensure that patients, including Edna Cox, did not suffer verbal, physical and mental abuse, the willful infliction of injury, unreasonable confinement, intimidation, or punishment with resulting physical harm, pain or mental anguish, and/or deprivation by an individual, including a caretaker, of goods or services that are necessary to attain or maintain physical, mental, and psychosocial well-being.

Doc 1-2 at ¶ 65(a). Yet, Plaintiff makes no factual allegations to support these conclusory statements as to the direct liability of this Defendant. Plaintiff does not describe any policy or custom that led to Ms. Cox's alleged injuries, nor does he make any mention of *Monell v. Dep't of Soc. Servs. of City of New York*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Indeed, "the mere metaphysical possibility that" Plaintiff could have alleged "*some* set of facts in support of the pleaded claims is insufficient." *See Schneider*, 493 F.3d at 1177.

In Plaintiff's response to the motion to dismiss, he attempts to overcome Rule 8's requirements by conflating the numerous legal conclusions in his complaint with the scant factual allegations that do not support a § 1983 claim. *See generally* Doc. 18. Plaintiff argues that he properly asserted a § 1983 claim by alleging that Ms. Cox's "right to be free from physical or mental abuse," as set forth in §42 U.S.C. §1396r(c)(1)(A)(ii), was violated by Defendant. Doc. 18 at 9–12. Plaintiff alleges in the complaint that Defendant violated various statutes and regulations, including § 1396r(c)(1)(A)(ii),

> [b]y not protecting and promoting the rights of each resident, including Edna Cox, by depriving Edna Cox of her right to free from physical or mental abuse, corporal punishment, involuntary seclusion, and/or any physical or chemical restraints imposed for purposes of discipline or convenience and not required to treat the

---

[4] Presumably Plaintiff was referencing the legal concept of the survival of Ms. Cox's claims after her passing.

>   resident's medical symptoms, as required by 42 U.S.C. § 1396r(c)(1)(A)(ii) and/or
>   42 C.F.R. § 483.12.

Doc. 1-2 at ¶ 65(b); *see also* Doc. 18 at 12 (quoting ¶ 65(b) but misattributing to ¶ 65(a)). Again, this allegation is a mere legal conclusion. *See Iqbal*, 556 U.S. at 679. Plaintiff fails to describe any conduct that would constitute "physical or mental abuse,"[5] let alone any of Defendant's "policies" or "customs" that would result in such abuse. *See supra* § II. Accordingly, Plaintiff did not provide any facts to support Defendant's direct liability.

Plaintiff argues that the Federal Nursing Home Reform Act created a substantive "right to be free from physical or mental abuse" that is enforceable under § 1983. *See* 42 U.S.C. §1396r(c)(1)(A)(ii); *Health & Hosp. Corp. v. Talevski*, 599 U.S. 166, 184 (2023) (holding that the unnecessary-restraint provision of § 1396r(c)(1)(A)(ii) created a substantive right that can be enforced pursuant to § 1983).[6] This is the bulk of Plaintiff's argument related to § 1983. Doc. 18 at 9–12. However, regardless of whether the "right to be free from physical or mental abuse" is enforceable under § 1983, as previously stated, Defendant may not be held vicariously liable for such a rights violation, *see Brown*, 520 U.S. at 403, nor does Plaintiff allege sufficient facts to

---

[5] Plaintiff does describe one incident of alleged "verbal abuse." *See* Doc. 1-2 at ¶ 24 (alleging that Defendant's representative yelled at Ms. Cox, "while she was in the bathroom in a 'loud and rude' manner"). The Court does not decide whether the described conduct constitutes "physical or mental abuse" under 42 U.S.C. § 1396r(c)(1)(A)(ii) because, regardless, the hospital district cannot be held vicariously liable for such a claim. Furthermore, it is unclear that such a verbal abuse claim would survive Ms. Cox's death. *See, e.g.*, *Berry v. City of Muskogee*, 900 F.2d 1489, 1503 (10th Cir. 1990) (discussing when § 1983 actions survive the death of the victim).

[6] Because it does not change the outcome of this decision, the Court does not analyze whether § 1396r(c)(1)(A)(ii)'s "right to be free from physical or mental abuse" is enforceable under § 1983 as is the "right to be free from . . . any physical or chemical restraints imposed for purposes of discipline or convenience." *See Talevski*, 599 U.S. at 184.

support Defendant's direct liability under *Monell* relating to the alleged § 1396r(c)(1)(A)(ii) violation.

In summary, Plaintiff fails to state a claim upon which relief can be granted under § 1983. *See* FED. R. CIV. P. 12(b)(6). Therefore, the Court dismisses Plaintiff's § 1983 claims against Defendant with prejudice.

### B.   The case should be remanded for further adjudication in state court.

Defendant also moves to dismiss Plaintiff's state law claims (Counts I, II, IV). *See* Doc. 14. The Court declines to decide the parties' arguments based in state law. The Court hereby remands the case for further adjudication in state court.

"The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid By & Through Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (citing 28 U.S.C. § 1367(c)(3) and *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see e.g.*, *Favela v. City of Las Cruces ex rel. Las Cruces Police Dep't*, 431 F. Supp. 3d 1255, 1280 (D.N.M. 2020) (remanding to the plaintiff's selected forum after dismissing the federal law claims).

Plaintiff's complaint was originally filed in the First Judicial District Court, Santa Fe County, State of New Mexico. Doc. 1-2. Defendant removed the case to federal court asserting

federal question jurisdiction. Doc. 1; *see also* 28 U.S.C. § 1331. Having granted the motion to dismiss as to the § 1983 claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See Smith*, 149 F.3d at 1156. The state court is best suited to determine questions of state law. As such, Defendant's motion is denied without prejudice as to Plaintiff's state law claims. The case is remanded to the state court.

If necessary, Defendant may re-file a motion to dismiss raising the same state law arguments within thirty (30) days of service of this order.

### IV. Conclusion

Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 14) is GRANTED IN PART. Plaintiff's § 1983 claims (Counts III and IV) are dismissed with prejudice. Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 14) is DENIED without prejudice as to Plaintiff's state law claims (Counts I, II, and V). Defendant may re-raise its state law arguments within thirty (30) days of this service of this order. This case is remanded to the First Judicial District Court, Santa Fe County, State of New Mexico.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge
Presiding by Consent